

**U.S. Department of Justice**

United States Attorney
District of Connecticut

United States District Court
District of Connecticut
FILED AT HARTFORD
March 24, 2009
Roberta D. Tabora, Clerk
S. L. Smith

|  |  |
|---|---|
| Connecticut Financial Center | (203)821-3700 |
| 157 Church Street | |
| 23rd Floor | Fax (203) 773-5376 |
| New Haven, Connecticut 06510 | www.usdoj.gov/usao/ct |

March 24, 2009

Mr. Andrew Bowman, Esq.
1804 Post Road East
Westport, Ct 06880

      Re:    **United States v. Richard Berger**
                **Criminal No. 3:09CR _66_**

Dear Mr. Bowman:

      This letter confirms the plea agreement entered into between your client, Richard Berger (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") concerning the referenced criminal matter.

## THE PLEA AND OFFENSE

      The defendant agrees to waive his right to be indicted and to plead guilty to a one-count Information charging him with illegal access of a computer in violation of Title 18 U.S.C. §§ 1030(a)(2)(C) and (c)(2)(B)(i). He understands that to be guilty of this offense the following essential elements of the offense must be satisfied:

      1.    On or about August 9, 2007, the defendant knowingly and intentionally accessed or caused to be accessed a computer without authorization; and obtained information from the computer;

      2.    The computer accessed was used in interstate commerce or communication;

      3.    The conduct of accessing and obtaining the information at issue involved an interstate communication; and

      4.    The conduct was committed for purposes of commercial advantage or private financial gain

## THE PENALTIES

This offense carries a maximum penalty of 5 years imprisonment and a fine of $250,000 or twice the gross gain or loss, whichever is greater.

Under 18 U.S.C. § 3583, the Court may impose a term of supervised release of not more than three years, to begin at the expiration of any term of imprisonment imposed. The defendant understands that, should he violate any condition of the supervised release during its term, he may be required to serve a further term of imprisonment of two years with no credit for the time already spent on supervised release.

The defendant is subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; (3) $250,000; or (4) the amount specified in the section defining the offense.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on the count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

Finally, unless otherwise ordered, should the Court impose a fine of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of a fine amount not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine pursuant to 18 U.S.C. §§3572 (h), (i) and § 3612(g).

Restitution

In addition to the other penalties provided by law, the Court must also order that the defendant make restitution under 18 U.S.C. §3663A. The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution. Restitution is payable immediately unless ordered otherwise by the Court. Under 18 U.S.C. § 3663(a)(3), the parties separately agree to the entry of restitution as determined by the Court at sentencing in favor of The Hartford and SunLife for any losses caused as a result of the conduct constituting the offense and relevant conduct, including expenses incurred during participation in the investigation or prosecution of the offence.

## THE SENTENCING GUIDELINES

     i.     Applicability

The defendant understands that, although application of the United States Sentencing Guidelines is not mandatory, they are advisory and the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case. *See United States v. Booker*, 543 U.S. 220 (2005).

The defendant expressly understands and agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Officer who prepares the presentence investigation report. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated.

      ii.     <u>Acceptance of Responsibility</u>

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's Adjusted Offense Level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, the Government intends to file a motion with the Court pursuant to § 3E1.1(b) recommending that the Court reduce defendant's Adjusted Offense Level by one additional level based on the defendant's prompt notification of his intention to enter a plea of guilty. This recommendation is conditioned upon the defendant's full, complete, and truthful disclosure to the Probation Office of information requested, of the circumstances surrounding his commission of the offense, of his criminal history, and of his financial condition by submitting a complete and truthful financial statement. In addition, this recommendation is conditioned upon the defendant timely providing complete information to the Government concerning his involvement in the offense to which he is pleading guilty. The defendant expressly understands that the Court is not obligated to accept the Government's recommendation on the reduction.

The Government will not make this recommendation if the defendant engages in any acts which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (Sentencing Guideline § 3E1.1); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (Sentencing Guideline § 3C1.1); or (3) constitute a violation of any condition of release. Moreover, the Government will not make this recommendation if the defendant seeks to withdraw his plea of guilty. The defendant expressly understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make this recommendation.

To the extent that the defendant's adjusted offense level prior to a reduction for acceptance of responsibility is below level 16, the government agrees to a two level reduction, subject to the conditions outlined above.

      iii.     <u>Stipulation</u>

Pursuant to section 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into a stipulation which is attached to and made a part of this plea agreement. The defendant understands that this stipulation does not purport to set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendant expressly understands that this stipulation is not binding on the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

iv. <u>Guideline Stipulation</u>

The Government and the defendant stipulate as follows: The parties agree that the November 2008 manual apply to this sentencing, unless the manual in effect on the date of sentencing is equally or less onerous to the defendant. Under § 2B1.1, the defendant's base offense level is 6. The parties disagree on the applicable guidelines loss figure. The Government submits that the defendant's loss was greater than $70,000 and less than $120,000, reflecting the "actual loss" incurred by the victim insurance companies, namely, the reasonably foreseeable pecuniary harm resulting from the offense and relevant conduct, and thus the base offense level is increased by 8 levels. The defendant submits that loss may exist but cannot reasonably be determined and thus the defendant's gain of $32,422 is the appropriate alternative measure of loss, resulting in a 6 level increase from the base offense level. The Government submits that a two level enhancement for role in the offense applies. The defendant reserves his right to oppose such an enhancement. Under the Government's calculation, the defendant is subject to an adjusted offense level of 16. Reducing the Government's calculation by three levels for acceptance of responsibility results in a total offense level of 13.

The parties submit that the defendant is a Criminal History Category I based on the defendant's representation. The Government reserves the right to recalculate criminal history if this representation proves inaccurate. Based on the Government's calculation, a total offense level of 13 with a Criminal History Category I results in a sentencing range of 1&-1&months' imprisonment (sentencing table) and a fine range of $3,000 to $30,000 (U.S.S.G. § 5E1.2(c)(3)).

Based on the defendant's proposed calculation, the defendant is subject to an adjusted offense level of 12, with a total offense level of 10, after a reduction for acceptance of responsibility. Based on this calculation with a Criminal History Category of I results in a sentencing range of 6-12 months, with a potential 6 month sentence of home detention at the low end of the range, and a fine range of $2,000-$20,000.

The parties reserve the right to seek both Guidelines and non-Guidelines departures.

The defendant expressly understands that the Court is not bound by this agreement on the Guideline and fine ranges specified above. The defendant further expressly understands that he will not be permitted to withdraw the plea of guilty if the Court imposes a sentence outside the Guideline range or fine range set forth in this agreement.

In the event the Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the Government expressly reserves the right to challenge or defend any sentencing determination, other than that stipulated by the parties, in any post-sentencing proceeding.

      v.      <u>Right to Appeal</u>

The defendant acknowledges that under certain circumstances he is entitled to appeal his conviction and sentence. It is specifically agreed that the defendant will not appeal or collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241, the conviction or sentence of imprisonment imposed by the Court if that sentence does not exceed the period of incarceration and fine set forth in the Government's proposed guidelines sentencing and fine range above, even if the Court imposes such a sentence based on an analysis different from that specified above. The defendant expressly acknowledges that he is knowingly and intelligently waiving his appellate rights.

**<u>WAIVER OF RIGHTS</u>**

      I.      <u>Waiver of Right to Indictment</u>

The defendant understands that he has the right to have the facts of this case presented to a federal grand jury, consisting of between sixteen and twenty-three citizens, twelve of whom would have to find probable cause to believe that he committed the offense set forth in the information before an indictment could be returned. The defendant expressly acknowledges that he is knowingly and intelligently waiving his right to be indicted.

      ii.      <u>Waiver of Trial Rights and Consequences of Plea</u>

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, and the right to compulsory process for the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives and gives up those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

      iii.      <u>Waiver of Statute of Limitations</u>

The defendant understands and agrees that should the conviction following defendant's plea of guilty pursuant to this plea agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at

sentencing pursuant to this plea agreement) may be commenced or reinstated against defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

    iv. <u>Waiver of Right To Post-Conviction DNA Testing of Physical Evidence</u>

  The defendant understands that the Government has various items of physical evidence in its possession in connection with this case that could be subjected to DNA testing. The defendant further understands that following conviction in this case, he could file a motion with the Court to require DNA testing of physical evidence pursuant to 18 U.S.C. § 3600 and § 3600A in an attempt to prove his innocence. The defendant fully understands his right to have all the physical evidence in this case tested for DNA, has discussed this right with his counsel, and knowingly and voluntarily waives his right to have such DNA testing performed on the physical evidence in this case. Defendant fully understands that because he is waiving this right, the physical evidence in this case will likely be destroyed or will otherwise be unavailable for DNA testing in the future.

## ACKNOWLEDGMENT OF GUILT; VOLUNTARINESS OF PLEA

  The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

## SCOPE OF THE AGREEMENT

  The defendant acknowledges and understands that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant understands and acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

## COLLATERAL CONSEQUENCES

The defendant further understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and will be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Bureau of Prisons or the Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his participation in the illegal computer access, which forms the basis of the Information in this case and relevant conduct set forth in the attached Stipulation.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, defendant will not be permitted to withdraw his plea of guilty.

## NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

NORA R. DANNEHY
ACTING UNITED STATES ATTORNEY

CHRISTOPHER W. SCHMEISSER
SENIOR LITIGATION COUNSEL

The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

_____     3-24-09
RICHARD BERGER                       Date
THE DEFENDANT


I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

_____     3-24-09
ANDREW BOWMAN                        Date
ATTORNEY FOR THE DEFENDANT

## STIPULATION OF OFFENSE CONDUCT

The defendant RICHARD J. BERGER and the Government stipulate and agree to the following offense conduct that gives rise to the defendant's agreement to plead guilty to the Information:

Beginning in at least April 2007 and continuing through September 2007, RICHARD BERGER accessed or instructed his secretary to access, approximately 1292 customer online accounts, including approximately 676 from SunLife and 616 from The Hartford. BERGER provided his secretary with a list of social security account numbers, birth dates, and contract numbers for SunLife and The Hartford customers, and, with his knowledge and on his instruction, she used such customer data to authenticate and gain online access to the annuity investment account statements of SunLife and The Hartford customers. The accounts were accessed via the Internet from BERGER's office locations at 65 Broadway, 7th Floor, Suite 727, New York, NY and Gold Coast Finance, 1010 Northern Boulevard, Suite 238, Great Neck, NY. The Hartford server housing the relevant accounts was located outside of New York, in Simsbury, CT, and thus, as relevant here to the conduct at issue, electronic communications existed between New York and Connecticut. Per BERGER's instructions, the secretary, over the Internet, obtained and then printed the account summary sheets from Sunlife and the Hartford, which detailed the customer name and address as well as account composition and balance. The secretary then provided the account statements and telephone numbers to BERGER, who contacted the individuals in an attempt to have them transfer their annuity accounts to another company. BERGER's motivation for this was financial gain as he would earn a commission on the annuity amounts transferred.

More specifically, in the District of Connecticut and elsewhere, on or about August 9, 2007, BERGER, for purposes of commercial advantage and private financial gain, intentionally accessed and caused to be accessed from a computer in his office in New York, New York, a server at The Hartford in Connecticut without authorization and thereby electronically obtained information from that protected computer, regarding account # 7100***** and customer F.S., namely, information including name, address, contract number, purchase date, contract type, product type, owner name, annuitant, current broker, investment summary, product, unit value, and total premium payments, such conduct involving an interstate communication on a computer used in interstate commerce and communication.

While the Government submits that the guidelines loss to the insurance carriers exceeded $70,000, the parties agree that the defendant's personal monetary gain from the twelve accounts ultimately transferred from The Hartford and SunLife to an insurance carrier from whom BERGER earned commissions, totaled $32,422.

The written stipulation above is incorporated into the preceding plea agreement. It is understood, however, that the defendant and the Government reserve their right to present additional relevant offense conduct to the attention of the Court in connection with sentencing.

_____
RICHARD J. BERGER
THE DEFENDANT

_____
CHRISTOPHER W. SCHMEISSER
SENIOR LITIGATION COUNSEL

_____
ANDREW BOWMAN
ATTORNEY FOR THE DEFENDANT

## RIDER CONCERNING RESTITUTION

The Court shall order that the defendant make restitution under 18 U.S.C. § §3663A. The order of restitution may include:

1. If the offense resulted in damage to or loss or destruction of property of a victim of the offense, the order of restitution shall require the defendant to:

    A. Return the property to the owner of the property or someone designated by the owner; or

    B. If return of the property is impossible, impracticable, or inadequate, pay an amount equal to:

    The greater of -

    (I) the value of the property on the date of the damage, loss, or destruction; or

    (II) the value of the property on the date of sentencing, less the value as of the date the property is returned.

2. In the case of an offense resulting in bodily injury to a victim --

    A. pay an amount equal to the costs of necessary medical and related professional services and devices related to physical, psychiatric, and psychological care; including non-medical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;

    B. pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and

    C. reimburse the victim for income lost by such victim as a result of such offense;

3. In the case of an offense resulting in bodily injury that results in the death of the victim, pay an amount equal to the cost of necessary funeral and related services; and

4. In any case, reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.

The order of restitution has the effect of a civil judgment against the defendant. In addition to the court ordered restitution, the court may order that the conditions of its order of restitution be made a condition of probation or supervised release. Failure to make restitution as ordered may result in a revocation of probation, or a modification of the conditions of supervised release, or in the defendant being held in contempt under 18 U.S.C. § 3583(e). Failure to pay restitution may also result in the defendant's re-sentencing to any sentence which might originally have been imposed by the Court. See 18 U.S.C. §3614. The Court may also order that the defendant give notice to any victim(s) of his offense under 18 U.S.C. § 3555.

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
для the
District of Connecticut

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No.  3:09CR_____(AWT) |
| RICHARD J. BERGER | ) | |
| | ) | |
| Defendant | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: ___03/24/2009___

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

__ANDREW BOWMAN, ESQ.__
*Printed name of defendant's attorney*

_____
*Judge's signature*

__ALVIN W. THOMPSON, U.S. DISTRICT JUDGE__
*Judge's printed name and title*