UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------X
                               :
UNITED STATES OF AMERICA       :
                               :
v.                             :    Crim. No. 3:09CR66 (AWT)
                               :
RICHARD BERGER                 :
                               :
-------------------------------X
```

### AMENDED ORDER OF RESTITUTION

As set forth on the record at the defendant's sentencing on June 15, 2009, the defendant, Richard Berger, shall pay restitution of $129,266.13 to the victims of his offense, i.e., $118,174 to The Hartford and $11,092.13 to Sun Life pursuant to 18 U.S.C. § 3663A.

The defendant shall make monthly payments in the amount of $200 on the 15th day of each calendar month during the first 34 months following his release from imprisonment, and the balance of the amount of restitution ordered shall be due on the 15th day of the 35th calendar month following his release from imprisonment.  The defendant shall make checks payable to the order of the "Clerk, U.S. District Court", and checks shall be mailed to:  Clerk's Office, U.S. District Court, 450 Main Street, Hartford, CT, 06103.  The defendant shall write the docket number of the case on each check sent to the Clerk's

Office.  The Clerk's Office shall forward monies received to the victims at The Hartford, c/o Robert O'Shaughnessy, Investigative Services, T-15-57, 1 Hartford Plaza, Hartford, CT 06155 <u>and</u> Jeff Cedrone, AVP & Senior Counsel, SC 2335, Sun Life Financial,Wellesley Hills, MA 02481, or at such other address as may be specified by the United States Probation Office.

Nothing in this order shall prevent the Bureau of Prisons from implementing restitution payments in accordance with its inmate financial obligations programs.

As required by 18 U.S.C. § 3664, the court arrived at the figure and schedule for restitution payments after considering the amount of the loss sustained by the victims as a result of the defendant's offense, the defendant's financial resources, and the financial needs and earning ability of the defendant and any dependents.  The court has also considered the defendant's potential earning power.

In that "the purpose of the restitution provision is to require restitution whenever possible," <u>United States v. Porter</u>, 41 F.3d 68, 70 (2d Cir. 1994), this restitution order is contingent upon the defendant's ability to pay, and the defendant shall make full and complete financial disclosure to the United States Probation Office on at least a quarterly basis during the defendant's period of supervised release.

The defendant shall notify the court and the United States

Attorney's Office of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution.  The court notes that a victim, the government or the offender may petition the court at any time to modify this restitution order, as appropriate, in view of a change in the economic circumstances of the offender.

It is so ordered.

Dated at Hartford, Connecticut on this 2nd day of February 2010.

```
                              /s/AWT
                         Alvin W. Thompson
                      United States District Judge
```